Jesus Giovanni CAIZA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70700.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Dario Aguirre, Esq., San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Nelda C. Reyna, Attorney, Terri J. Scadron, Esq., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Jesus Giovanni Caiza, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") decision denying him asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. On petition for review, we determine whether substantial evidence supports the BIA's determinations. *See Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000) (asylum and withholding); *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003) (Convention Against Torture). We deny the petition.

The evidence shows that after Caiza and a group of 300 men engaged in armed resistance of guerilla forces attempting to loot their village, the guerillas began threatening them for rebelling and allegedly providing the army with information. Soon thereafter, Caiza witnessed the guerillas execute two of his coworkers after accusing them of providing information to the army. Although Caiza did not es-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tablish past persecution, the record compels the conclusion that Caiza has a well-founded fear of persecution on account of an imputed political opinion. *See Lim*, 224 F.3d at 934–35 (finding fear of future persecution where an applicant was never confronted or physically harmed, but was threatened with death on account of his political opinion and followed, and his colleagues who received similar threats were killed).

However, substantial evidence supports the IJ's conclusion that Caiza could relocate elsewhere in Colombia, because he testified that larger cities with greater government presence were safer, and that he would be willing to return to the country. *See Cardenas v. INS*, 294 F.3d 1062, 1065–66 (9th Cir.2002).

The IJ properly denied withholding of removal, because the record does not compel a finding that it is more likely than not Caiza will be persecuted upon return to Colombia. *See id.* at 938–39.

The IJ also properly denied Caiza's request for relief under the Convention Against Torture, because the record does not compel the conclusion that it is more likely than not that the government will acquiesce in his torture were he to return to Colombia. *See Zheng*, 332 F.3d at 1193–94.

**PETITION FOR REVIEW DENIED.**